## ESTOPPEL—INJUNCTION—MUNICIPAL CORPORATIONS— PARTIES.

[Lorain (8th) Circuit Court, May 8, 1905.]

Marvin, Winch and Henry, JJ.

JOHN W. EMMERT, JR. V. ELYRIA (CITY) ET AL.

**1. TAXPAYER ESTOPPED FROM QUESTIONING ACTION OF COUNCIL, WHEN.**

An objection that the action of the municipal council in allowing the board of public service to exercise its discretion in choosing the material to be used in making a public improvement, was an unwarrantable delegation of its legislative authority, cannot be successfully raised by a taxpayer who, together with all others whom he represents, had watched, without objection or protest, the improvement to its completion. *A fortiori* when the material actually used was authorized by the council. Laning R. L. 3611 (B. 1536-220), examined, and held to support this conclusion.

**2. CERTIFICATE OF AUDITOR FILED BEFORE CONTRACT LET, IS IN TIME.**

The certificate of the municipal auditor that sufficient money is in the city treasury to pay for the proposed improvement, is in time if filed before the contract for the improvement is let. Braman v. Elyria, 26 O. C. C. 731, approved and followed.

**3. FALSE CERTIFICATE OF AUDITOR DOES NOT INVALIDATE CONTRACT, WHEN.**

The fact that the certificate filed by the municipal auditor, as required by Sec. 45 of the new municipal code (Lan. R. L. 3999; B. 1536-205), to the effect that sufficient money to pay for a proposed improvement is in the city treasury, was in fact false, is not sufficient to sustain the charge of fraud and thereby invalidate the contract made for the improvement, when it appears that the parties in good faith, and relying upon the advice of the city solicitor, honestly believed it to be true. *A fortiori*, when the section referred to is fairly open to the construction placed upon it by the parties.

APPEAL from Lorain common pleas court.

**D. J. Nye,** for plaintiff.

**E. G. & H. C. Johnson, W. B. Johnston** and **F. H. Stevens,** for defendants:

Construction of Lan. R. L. 4000 (97 O. L. 44). *Slingluff* v. *Weaver,* 66 Ohio St. 621 [64 N. E. Rep. 574]; *Tracy* v. *Card,* 2 Ohio St. 431; *Johnson* v. *State,* 42 Ohio St. 207; *Cross* v. *Armstrong,* 44 Ohio St. 613 [10 N. E. Rep. 160]; *Terrill* v. *Auchauer,* 14 Ohio St. 80; *Toledo & O. C. Ry.* v. *Jump,* 50 Ohio St. 651 [35 N. E. Rep. 1054]; *Moore* v. *Given,* 39 Ohio St. 661; *McCormick* v. *Alexander,* 2 Ohio 65; *Lancaster (City)* v. *Miller,* 58 Ohio St. 558 [51 N. E. Rep. 52].

Estoppel. *Findlay* v. *Pendleton,* 62 Ohio St. 80 [56 N. E. Rep. 649]; *Tone* v. *Columbus,* 39 Ohio St. 281 [48 Am. Rep. 438]; *Mott* v. *Hubbard,* 59 Ohio St. 199 [53 N. E. Rep. 47]; *Bank of Chillicothe* v.

*Chillicothe* (*Mayor*), 7 Ohio (pt. 2) 31 [30 Am. Dec. 185]; *Larwell* v. *Savings Fund Soc.* 40 Ohio St. 274; *Randolph Co.* v. *Post,* 93 U. S. 502 [23 L. Ed. 957]; *Moore* v. *New York* (*Mayor*), 73 N. Y. 238 [29 Am. Rep. 134]; *Horstman* v. *Railway,* 12 Dec. 756; *Cleveland* v. *Bank,* 16 Ohio St. 236 [88 Am. Dec. 445]; 16 Am. & Eng. Enc. Law (2 ed.) 356; *Knorr* v. *Miller,* 3 Circ. Dec. 297 (5 R. 609); *Columbus* v. *Bohl,* 13 Dec. 569.

A taxpayer is not entitled to relief where he seeks to compel the city to do what is manifestly inequitable and unjust. *Friedman* v. *Cincinnati,* 13 Dec. 404; *Fergus* v. *Columbus,* 8 Dec. 290 (6 N. P. 82); *Crawford* v. *Madigan,* 13 Dec. 494; *Pugh* v. *Electric Light Co.* 10 Circ. Dec. 573 (19 R. 594); *Kellogg* v. *Ely,* 15 Ohio St. 64; *Tone* v. *Columbus,* 39 Ohio St. 281 [48 Am. Rep. 438]; *Mott* v. *Hubbard,* 59 Ohio St. 199 [53 N. E. Rep. 47]; *Prince* v. *Boston,* 148 Mass. 285 [19 N. E. Rep. 218]; *State* v. *Bader,* 7 Circ. Dec. 1 (13 R. 15); *Tracy* v. *Card,* 2 Ohio St. 431; *Pollock* v. *Speidel,* 27 Ohio St. 86.

Plaintiff's petition is sufficient to entitle him to an injunction. *Sloane* v. *Railway,* 3 Circ. Dec. 674 (7 R. 84); *Ampt* v. *Cincinnati,* 15 Dec. 237.

**HENRY, J.**

This is an appeal from the Lorain county common pleas court. Plaintiff, as a resident taxpayer of the city of Elyria, in said county, having applied in vain to the city solicitor to bring suit, commenced this action to enjoin the further payments to the Barber Asphalt Company on its contract of July 7, 1904, with said city for the improvement of Middle avenue. Said contract is claimed to be void because:

First. The ordinance failed to specify definitely the kind of material to be used.

Second. Because no plans and specifications were on file as provided by the ordinance.

Third. Because no valid nor seasonable certificate as required by Sec. 45 of the municipal code (Lan. R. L. 3999; B. 1536-205), was filed by the city auditor, showing that there was sufficient money then available, in the city treasury for said improvement.

Fourth. Because, to the knowledge of the asphalt company, when it entered into said contract there was in fact no sufficient amount of money then available for said purpose.

The evidence shows that the ordinance of the city of Elyria passed May 10, 1904, orders the construction of a pavement on Middle avenue in accordance with the prior ordinance passed April 12, 1904. The ordinance of May 12, 1904, specifically describes in detail the kind and

other particulars of the improvement, and also orders the pavement to be constructed in accordance with the plans, specifications, etc., therein adopted.

Section 6 of said ordinance of April 12, 1904, reads as follows:

"That the plans, specifications, profiles, estimates heretofore prepared by the city engineer and now on file in the office of the board of public service be and the same are hereby approved."

The resolution of necessity passed March 22, 1904, provided for "brick, asphalt, or other material as may be hereafter determined."

Said ordinance of April 12, 1904, also adopts the plans and specifications which were at that time on file.

It is true that these proceedings did not decisively specify the kind of material to be used, but allowed the board of public service to exercise its discretion in choosing one of the materials named. This, it is claimed, was an unwarrantable delegation by council of its legislative authority. But council having at least authorized the use of the material that was in fact adopted, we cannot now, at the suit of plaintiff, brought after he and all whom he represents, had watched this contract to its completion, give countenance to the claim that such authority was invalidated merely because the board was sought to be invested with a discretion whereby it might have chosen some other material. The advantages to be derived by the city from competitive bidding are plainly enhanced by clothing the board with a latitude of choice as to materials, and the legislature has, in some measure, at least, set the seal of its approval upon the practice, in Sec. 60 of the municipal code, as amended April 21, 1904 (97 O. L. 123; Lan. R. L. 3611; B. 1536-220). This section provides that special assessments theretofore or thereafter made shall not be invalidated by this practice; and, under the circumstances here, we hold that the contract in this case is also unaffected thereby.

The evidence further shows that there was no sufficient warrant in fact for the allegations of the petition that plans and specifications of the improvement were not regularly on file, and we find the contrary to be true.

It also appears from the evidence, that a certificate was made by the auditor in due form, showing that there was sufficient money in the city treasury to pay for the improvement, but that such certificate was not made until after the council proceedings were all had and the contract for the improvement was about to be let. We deem it unnecessary now to discuss the objection to which this situation gives rise, inasmuch as this court expressly held at a recent term in this county, in the case

of *Braman* v. *Elyria,* 26 O. C. C. 731, that a certificate thus filed is in due season.

The question of real difficulty, however, ·in the present case arises from the circumstance, that the certificate filed was untrue in fact to the knowledge of all parties, unless it falls within the saving of Sec. 45a of the code, as contained in the amendment of March 18, 1904 (97 O. L. 44). This section provides:

"Money to be derived from lawfully authorized bonds or notes sold and in process of delivery shall for the purpose set forth in Sec. 45 of this act, be deemed in the treasury and in the appropriate fund."

With much ingenuity and plausibility it is argued on behalf of the defendants that the delays to municipal improvements, sought to be obviated by this amendment are, on the one hand, those occasioned by the necessity of prolonged advertising in the case of the sale of bonds, and on the other hand, those occasioned by the practice of selling municipal notes for future delivery from time to time as the money is actually needed by the city for disbursement in the course of its business, in order to save the interest on premature loans.

In other words, this contention assumes that in two distinct classes of cases the money may be deemed in the treasury for the purposes of Sec. 45, viz: First, when bonds have been lawfully authorized, and secondly, when notes are sold and in process of delivery.

In the present case it is conceded that bonds had been lawfully authorized, but they were not sold and in process of delivery when the certificate was filed.

It is claimed by plaintiff on the other hand, that both of the two qualifying phrases, "lawfully authorized" and "sold and in process of delivery," apply to bonds and notes alike.

. The city solicitor, however, took the former view, and so advised the board of public service, at their request, before the contract was let. He is by law made the legal advisor of that body, and they acted in good faith in accordance with his view. The asphalt company, as we find, likewise acted in good faith upon a similar interpretation of the statute.

There was no actual fraud. Section 45 was literally complied with. The only question remaining, is whether constructive fraud can be predicated of this erroneous interpretation of the statute, if it was erroneous. We do not find it necessary to construe Sec. 45a further than to say that it is ·fairly open to either interpretation, and we cannot hold that the parties were bound to interpret it correctly at their peril.

They were entitled, under the circumstances to rely upon the literal compliance with Sec. 45. 'The fact that the certificate filed in accord-

Emmert v. Elyria.

ance with that section might possibly prove to be false, when the parties ' in good faith and upon legal advice, provided for by law, believed it to be true, is not sufficient to sustain the charge of fraud and thereby invalidate this contract.   The petition will therefore be dismissed.

**Marvin** and **Winch, JJ.,** concur.